This is an action for the recovery of damages sustained by an automobile, of which plaintiff is the alleged owner, as the result of a collision with a car operated by the defendant, Youngblood. The liability insurer was made a party defendant. After trial on the merits there was judgment in favor of plaintiff and against the defendants in the full sum of $352.79, together with interest and costs, from which judgment defendants have appealed.
The facts concerned are set forth in detail in our opinion in a connected case entitled Burke v. Commercial Standard Insurance Company et al., 38 So.2d 644, in which we have this day rendered a judgment, on appeal from the Twenty-Eighth Judicial District Court in and for Caldwell Parish.
Under the facts stated in the case referred to, we found the negligence of the defendant, Youngblood, to have been the proximate cause of the accident, and, further, exonerated the driver of the automobile, for damages to which this plaintiff seeks recovery, on the charge of contributory negligence.
This finding would dispose of this case except for the fact that defendants strenuously contend that plaintiff is not in truth and in fact the owner of the automobile which sustained damages in the accident. We think it unnecessary to indulge in any exhaustive discussion of this point. While we concede the somewhat suspicious nature of the transaction by which plaintiff claims ownership of the vehicle as the result of conveyance from his aunt, Mrs. Burke, and while there are certain discrepancies in the testimony of plaintiff and the witness, Burke, in our opinion, these are not of sufficient importance to justify a finding in favor of the contention made by defendants.
The burden was upon defendants to support by a preponderance of the evidence the position which they assumed. Plaintiff made out a prima facie case sustaining his claim of ownership and defendants have failed to overcome this showing by the required weight of evidence.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost. *Page 241